**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

JUN 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10101 |
| Plaintiff - Appellee, | D.C. No. 4:13-cr-01333-RCC |
| v. | |
| MARTIN NAVARRO-PUERTA, a.k.a. Martin Navarizo-Puerta, a.k.a. Martin Missael Navarro-Puerta, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Kimberly A. Moore, Circuit Judge, Presiding**

Submitted June 22, 2015***

Before: HAWKINS, GRABER, and W. FLETCHER, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\** The Honorable Kimberly A. Moore, United States Circuit Judge for the Federal Circuit, sitting by designation.

\*** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Martin Navarro-Puerta appeals from the district court's judgment and challenges the 51-month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand to the district court for resentencing.

Navarro-Puerta contends that the district court procedurally erred by treating the Guidelines as mandatory. The record suggests that the district court may have believed it could not vary from the Guidelines range under 18 U.S.C. § 3553(a). *See Gall v. United States*, 552 U.S. 38, 51 (2007) (it is procedural error to treat the Guidelines as mandatory). Furthermore, the record shows that the district court incorrectly believed that it was obligated to impose a term of supervised release. *See* U.S.S.G. § 5D1.1(c). Accordingly, we vacate the sentence and remand for resentencing.

In light of this disposition, we do not reach Navarro-Puerta's remaining contentions.

**VACATED and REMANDED for resentencing.**